UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EARL BROWN-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1720 SNL |
| | ) | |
| ALAN BLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Earl Brown-El for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, a detainee at Missouri Sexual Offender Treatment Center, brings this action under 42 U.S.C. § 1983 for an alleged violation of his right to procedural due process. Named as defendants are Alan Blake (CEO, MSOTC) and Nancy Simpson (Unit Program Supervisor, MSOTC). Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that he was given a rule violation for threatening a staff member at MSOTC. Plaintiff claims that, as a result of the rule violation, his privileges were restricted for seven days. Specifically, plaintiff alleges that he was denied his indigent patient funds; that he was not allowed to make canteen purchases; that he was not allowed visitation, except from the public defender; that he was not allowed to make

phone calls, except to the public defender; that he was denied his personal property, except his clothing and legal materials; and that he was forced to stay in the day hall room from 9 a.m. to 9 p.m. Plaintiff states that he was not provided a hearing or allowed to present any defense before the sanctions were imposed.

## Discussion

The allegations in the complaint do not rise to the level of a constitutional violation. Thielman v. Leean, 282 F.3d 478, 484 (7th Cir. 2002) (civilly confined sexually violent predators "may not nickel and dime [their] way into a federal claim by citing small, incremental deprivations of physical freedom."). As a result, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, "liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)(respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendant Blake was directly involved in or personally responsible for the alleged

violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to Blake.

Finally, "qualified immunity protects state actors from civil liability when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (analyzing qualified immunity on 28 U.S.C. § 1915(e)(2)(B) review). Defendants action of sanctioning plaintiff over a seven-day period for allegedly threatening a staff member was not unreasonable and did not violate a clearly established right. As a result, defendants are entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 20th day of November, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE